**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OSCAR CONTRERAS AGUILAR,** | : | **CIV NO. 1:22-CV-482** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **MERRICK GARLAND, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM AND ORDER</u>

This case was transferred to this court and assigned to the undersigned on March 30, 2022. The docket reveals that the plaintiff has filed a complaint, (Doc. 1), which has not yet been served, several motions seeking preliminary injunctive relief (Docs. 11 and 12), as well as a motion requesting expedited action in this case (Doc. 13), and a motion to appoint counsel for the plaintiff, a *pro se* litigant. (Doc. 10). The plaintiff seeks appointment counsel at the outset of this litigation prior to service of the plaintiff's complaint upon the defendants.

We will GRANT the motion to expedite, (Doc. 13), in part, as follows: The Clerk is ORDERED to serve a copy of the complaint upon the defendants. Further action upon the motions for injunctive relief will be DEFERRED pending service of the complaint and the defendants' response to these motions seeking injunctive

relief.

As for the motion to appoint counsel, (Doc. 10), while we appreciate the plaintiff's interest in securing court-appointed counsel, we also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under §1915(e)(1), a district court's appointment of counsel is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. In Parham, the United States Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such we requests we must first:

> [D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d at 457. There is yet another practical consideration which must be taken into account when considering motions for appointment of counsel. As the United States Court of Appeals for the Third Circuit has aptly

observed:

> Finally, in addressing this issue, we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993). Mindful of this consideration it has been "emphasize[d] that volunteer lawyer time is extremely valuable. Hence, district courts should not request counsel under § 1915(d) indiscriminately. As the Court of Appeals for the Second Circuit has warned: "Volunteer lawyer time is a precious commodity. . .. Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989); Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993).

In this case our analysis of these factors leads us to conclude that counsel should not be appointed in this case at the present time. At the outset, appointment of counsel would be premature since we have not had the opportunity to fully consider the threshold factor we must examine: the arguable merits of the

plaintiff's claims. In any event, the issues in this case appear to be discrete and well-known to the plaintiff and the plaintiff has thus far shown the ability to litigate his claims.

Taking all of these factors into account we DENY this request to appoint counsel (Doc. 10), at this time without prejudice to re-examining this issue at the request of the plaintiff, or *sua sponte*, as this litigation progresses.

SO ORDERED, this 1st day of April 2022.

<u>S/Martin C. Carlson</u>
Martin C. Carlson
United States Magistrate Judge